**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000440
26-MAY-2022
07:46 AM
Dkt. 56 SO**

NO. CAAP-20-0000440

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
RICHARD A. RICARD, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DCW-19-0001168)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Richard A. Ricard (**Ricard**) appeals from the Judgment and Notice of Entry of Judgment (**Judgment**), entered on June 4, 2020, in the District Court of the Third Circuit, Kona Division (**District Court**).[1]  Following a bench trial, Ricard was convicted of Theft in the Fourth Degree, in violation of Hawaii Revised Statutes (**HRS**) §§ 708-830(1) (2014) and 708-833(1) (Supp. 2017).[2]  The charge stemmed from an

---

[1]     On July 6, 2020, the District Court entered an Amended Judgment and Notice of Entry of Judgment (**Amended Judgment**), which did not alter the Judgment in any material and substantial way.

The Honorable Margaret K. Masunaga presided over the bench trial and entered the Judgment.  The Honorable Joseph P. Florendo, Jr. entered the Amended Judgment.

[2]     HRS § 708-830(1) provides:

> **Theft.**  A person commits theft if the person does any of the following:
>
> > (1)     Obtains or exerts unauthorized control over property.  A person obtains or exerts unauthorized control over the property of

incident in which Ricard allegedly picked mangos from a tree growing on property owned by complaining witness Robert Hammond (**Hammond**).

On appeal, Ricard raises a single point of error, contending that his conviction was not supported by substantial evidence that he intended to deprive Hammond of the mangos.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Ricard's contention as follows and affirm.

We review the sufficiency of the evidence to support a conviction as follows:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. . . .
>
>> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable [a person] of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) (quoting State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)).

In order to convict Ricard for Theft in the Fourth Degree, the State was required to prove that Ricard obtained or exerted unauthorized control over Hammond's property with the intent to deprive him of that property, HRS § 708-830(1), and that the property had a value up to $250.00, HRS § 708-833(1).

---

> another with intent to deprive the other of the property.
>
> HRS § 708-833(1) provides:
>
>> **Theft in the fourth degree.** (1) A person commits the offense of theft in the fourth degree if the person commits theft of property or services of any value not in excess of $250.

At trial, Hammond's neighbor William F. Mielcke (**Mielcke**) testified that on the morning of September 11, 2018, he saw Ricard "standing on the back of his truck, uh, picking, uh, mangos from . . . Hammond's mango tree[,]" while the truck was parked "on the roadway and . . . partially on the road right-of-way on the makai side of the road." Mielcke identified Ricard in court. Mielcke described Hammond's mango tree as on Hammond's property on the makai side of the street. Mielcke testified that Ricard was in the back of a truck with a "picker" that was "a long pole with like a claw on the end"; part of the mango tree "stretche[d] over a bit to the street area"; and Ricard "was picking mangos from the interior of the tree" in such a way that Ricard broke the plane of Hammond's property and reached over a stone wall inside of Hammond's property line.

Hammond identified State's Exhibit 6 as a photograph of the mango tree on his property. He testified that the trunk of the tree is within his property line but that branches "hang out." Hammond identified Ricard in court and testified that he had not given Ricard permission to pick mangos from the tree. Hammond estimated the value of a mango from his tree to be $2.00.

Ricard identified Defense Exhibits A and C as photographs of the mango tree and surrounding area. He testified that the exhibits showed "[his] truck parked under the tree as it was on the day . . . this incident happened. So it's the mango tree going over the street and my truck sitting in the approximate position where it was that day." Ricard further testified that he used "a picker on the end of an eight foot dowel" that was not long enough to reach the center of the tree. He described how he picked mangoes "[r]ight above my truck, that hangs over the street," while standing in the back of his truck. In response to the question – "Did you at anytime pick mangoes from the center of the tree?" – Ricard stated, "There are no mangoes in the center of the tree. . . . Cause mangoes grow on the ends of the branches and that's where they are." Ricard also testified that he and his wife had been members of the neighborhood board; the board had been involved in a civil lawsuit in which Hammond and Mielcke had sued the board; and when

3

the board was sued, Ricard's wife was a board member.

Following testimony[3/] and closing arguments, the District court made the following findings (among others) and ruling:

> And Mr. Mielcke testified that defendant Mr. Ricard was in the truck bed with a picker, a long pole with a claw at the end that stretches over to the street. And appeared to be picking within reaching into the tree. And Mr. Mielcke testified that defendant Mr. Ricard was extending within the boundary of the owner of the tree Colonel Hammond. . . . Court finds [Mr.] Mielcke to be a credible witness.
>
> . . . .
>
> Court also heard the testimony of Defendant Richard Ricard regarding being at the same subdivision for 17 years. And he admitted to picking the mangoes from the tree, subject tree owned by Colonel Hammond. And Defendant also testified that he picked four mangoes that day on September 11, 2018.
>
> And based on the testimony of the witnesses, the record and file in this case, and the Hawaii Revised Statutes Section 708-833(1), Theft in the Fourth Degree, Court finds the State of Hawaii has proved its case by proof beyond a reasonable doubt and finds the Defendant guilty as charged.

Ricard contends there was no substantial evidence that he intended to deprive Hammond of the mangos, because the testimony of the State's witnesses "was biased and contradicted by the objective photographic evidence."

> We have consistently held that since intent can rarely be proved by direct evidence, proof of circumstantial evidence and reasonable inferences arising from circumstances surrounding the act is sufficient to establish the requisite intent. Thus, the mind of an alleged offender may be read from his acts, conduct, and inferences fairly drawn from all of the circumstances.

State v. Calaycay, 145 Hawaiʻi 186, 200, 449 P.3d 1184, 1198 (2019) (quoting State v. Kiese, 126 Hawaiʻi 494, 502-03, 273 P.3d 1180, 1188-89 (2012)).

Here, Mielcke testified that he saw Ricard picking mangos from the interior of the tree on Hammond's property, in such a way that Ricard broke the plane of Hammond's property and reached over a stone wall inside of Hammond's property line.

---

[3/]    Those testifying at trial included Mielcke, Hammond, Hawaiʻi County Police Officer Dustin Chaves, and Ricard.

The District Court found Mielcke's testimony credible. Moreover, Ricard's photographic evidence was dependent upon his testimony that the photographs, which he took sometime after the incident, accurately represented where his truck was parked on the day of the incident while he was picking the mangos. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Sprattling, 99 Hawaiʻi 312, 317, 55 P.3d 276, 281 (2002) (brackets omitted) (quoting State v. Sua, 92 Hawaiʻi 61, 69, 987 P.2d 959, 967 (1999)). Further, "[t]he testimony of one percipient witness can provide sufficient evidence to support a conviction." State v. Pulse, 83 Hawaiʻi 229, 244, 925 P.2d 797, 812 (1996).

Viewing the evidence in the strongest light for the prosecution, we conclude that substantial evidence supports the reasonable inference that Ricard acted with the intent to deprive Hammond of his property. Accordingly, the evidence was sufficient to support Ricard's conviction for Theft in the Fourth Degree.

For these reasons, the June 4, 2020 Judgment and Notice of Entry of Judgment and the July 6, 2020 Amended Judgment and Notice of Entry of Judgment, entered in the District Court of the Third Circuit, Kona Division, are affirmed.

DATED: Honolulu, Hawaiʻi, May 26, 2022.


On the briefs:

Ashlyn L. Whitbeck,
Deputy Public Defender,
for Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge